OSCAR A. D'LUHOSCH, Plaintiff, *v.* FRED A. ANDROS et al., Defendants.

County Court, Dutchess County, March 27, 1951.

*John A. Reed* for plaintiff.

*James E. Carroll, Jr.,* for defendants.

SCHWARTZ, J. This is an action for work, labor and services. The plaintiff sues as a licensed engineer to recover the balance due him for services rendered in drawing plans and specifications for a dwelling which the defendants contracted to have constructed. The primary defense is that the plaintiff is not entitled to recover for the reason that not being a licensed architect he actually performed and rendered services as an architect as distinguished from those of an engineer, and therefore, not only cannot recover for the moneys due him, but must return the moneys heretofore paid on account on the grounds of mistake, for which moneys the defendants counterclaim. Some claim was also made by the defendants that the plaintiff held himself out to be an architect, but the evidence in nowise sustains this contention. On the contrary, the testimony of one of the defendants clearly establishes that the plaintiff never made any statement which would warrant the defendants in so believing.

It was stipulated and agreed that the building in question exceeded in cost, $10,000 and contained more than 30,000 cubic feet, and that the fee charged by the plaintiff was a fair and reasonable charge for the services rendered.

New York State requires that both professional engineers and architects shall be licensed, the former pursuant to article 145 and the latter to article 147 of the Education Law. Both articles provide that they have no application to any building or structure costing $10,000 or less and not exceeding 30,000 cubic feet.

Both articles define a person practicing professional engineering (§ 7201) and architecture (§ 7301). The wording of the two definitions is substantially the same except for the fact that the definition of an architect uses the word " aesthetic ". How-

ever, both definitions specifically provide that both an engineer and an architect may plan, design and supervise the construction of buildings both private and public. Both articles are similar with respect to the educational qualifications required of licensees, disciplinary proceedings, penalties, prosecution for violations, etc. Moreover, both articles provide that nothing contained in either statute shall be construed so as to effect or prevent the practice of the other profession by one duly licensed thereunder, the only prohibition being that an engineer shall not use the designation or hold himself out as being an architect nor the latter as an engineer. (§§ 7208, 7307.) I cannot find that there is any statutory distinction between the services which may be legally rendered by a licensed engineer and that by an architect. True it is, that historically at least, an architect has always been classified as one associated with the arts (*Young* v. *Bohn,* 141 F. 471, 472) which does not appear to be so with respect to the engineer. This undoubtedly accounts for the inclusion in the definition of an architect of the phrase including '' aesthetic and structural design '' and the further statement that his professional service '' requires the application of the art and science of construction based upon the principles of mathematics, aesthetics and the physical sciences.'' However, it can scarcely be contended successfully that the principles of mathematics and the physical sciences are not and have not always been utilized by the engineer, and to some extent at least, the art of aesthetics. Certainly no engineer drafting plans and specifications for any dwelling would knowingly and seriously avoid using this art. Moreover, there is further evidence within the article defining architecture readily indicating that the licensed professional engineer is placed on an equal footing with the architect. The same educational qualifications are required by the State as hereinbefore noted. Moreover, sections 7203 and 7302 dealing with public works specifically indicate that either or both may be employed to prepare plans, specifications and construction. In the past undoubtedly, so far as construction itself was concerned, the architect frequently required the services of the engineer. Today however, the architect appears to possess at least equal qualifications, and a statute authorizing his sole employment in preparing plans and specifications for the erection and construction of multiple dwellings in the city of New York, has been held constitutional (*Matter of Goldschlag* v. *Deegan,* 135 Misc. 535, affd. 254 N. Y. 545). It is significant that the lower court in his opinion stated (pp. 536–537) that '' The architect

of the future will probably be more of an engineer than of what was formerly known as an architect '', but that " speaking of to-day, there are many elements of service in the preparation of plans for the construction of a building of whatever type, and the superintendence of construction, that may be more properly left to what we now know as an architect than to what we now know as an engineer.'' Of course, it must be borne in mind that the court in rendering the foregoing decision was passing upon a statute which involved a new type of dwelling in the designing and planning of which I think it is only fair to say, an architect would be more properly trained than an engineer. Only to a limited degree, if at all, may this be said to be true of a dwelling house as in the case at bar.

It must also be remembered that neither statute prohibits the practice of the other's profession, but on the contrary as already pointed out, specifically accepts the other profession from the statute under consideration. Fundamentally as stated in the statutes, the purpose of licensing both engineers and architects is to protect and safeguard life, health and property.

Judgment for the plaintiff for the sum of $211, together with costs.

Submit judgment.